BROOKS *et al. vs.* TURNER.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. In an action upon promissory notes given for the purchase money of land, a plea that the plaintiff is a non-resident of the state and has no property here, that the title to one-half of the land was not in the plaintiff when the contract of sale and purchase was made, but in the estate of a certain deceased non-resident of the state, upon whose estate there is no administration, that in selling the land the plaintiff represented that he was the owner of the legal title to all of it, that upon this representation the defendant made the purchase, took a deed and gave the notes, and that at the time of the transaction the legal title was, and still is, in the estate aforesaid, sets up neither matter of fraud nor matter of contract sufficient to defeat or defend the action. The plea fails to aver that the representation was fraudulently made, or even that the plaintiff knew that it was untrue, or made it recklessly, not knowing it to be true or false ; it

fails also to allege any damages from the misrepresentation. Nor does the plea allege any warranty or breach of warranty by the plaintiff, or any eviction of, or loss of possession by, the defendant, neither does it offer to rescind the contract. A warranty of title will not be implied or presumed.

2. A husband who married here in 1860, and whose wife's father and mother died in Texas, in 1870, intestate, leaving estates there in which the husband and wife are entitled to share with the other heirs at law, cannot set-off the interest of himself and wife in such estates against an action at law upon his promissory notes given for land in Georgia, to which notes his wife is no party, though the plaintiff in the suit (the payee of the notes) is a resident of Texas, has no property in Georgia, and has wrongfully possessed himself in Texas of the said estates. Among numerous obstacles to such set-off, the fact that the wife is no party to the husband's equitable plea, and cannot be made a party thereto, is enough to mention ; especially, in view of the provisions of the Code, that a creditor of the husband has no right to receive or retain the wife's property in payment of the husband's debt.

Pleadings. Vendor and purchaser. Set-off. Husband and wife. Warranty. Before Judge Crawford. Taylor Superior Court. April Term, 1879.

Reported in the opinion.

W. S. Wallace, for plaintiffs in error.

O. M. Colbert, by M. H. Blandford, for defendant.

Bleckley, Justice.

An attachment for purchase money was levied upon two certain lots of land and one half lot. The declaration afterwards filed described the cause of action as two promissory notes made by the defendant to the plaintiff, dated November 30th, 1872, and due, one of them, December 1st, 1873, the other, December 1st, 1874, each being for fifteen bales of cotton weighing five hundred pounds per bale. The money value claimed in the attachment and declared for was $1,812.04, principal, and $396.36, interest. The plaintiff was Julius Turner, and the defendants B. C. M. Brooks and B. C. Brooks.

The defendants pleaded specially, by way of equitable defense, that B. C. M. was the principal debtor, and B. C. only his surety; that the plaintiff is a non-resident of the state, being a citizen of Texas, and that he is justly and equitably indebted to B. C. M. in a larger sum than that sued for; that B. C. M. and his wife (Mrs. Brooks), with five others, are heirs at law of Mr. and Mrs. George Turner, both of whom died in the state of Texas, intestate, in the year 1870; that at that time the plaintiff resided in Georgia and went to Texas for the purpose of settling up these two estates, claiming to be agent or attorney in fact of the heirs at law, but was without authority from either B. C. M. or his wife; that on his return he represented that both estates had only $3,000.00 in money and but little property, and, afterwards, when told by some of the heirs that his report was not true, he then said that George Turner left $6,000.00; that in fact neither of these reports was true, but, on the contrary, George Turner left not less than $10,000.00 in cash, besides notes, horses, cattle and other property of the value of $8,000.00; that from both estates B. C. M. and his wife have received not quite $1,000.00, though entitled to $3,000.00, or some such sum; that four of the heirs at law have received altogether only about $4,000.00; that the plaintiff has confederated with D. W. Brooks of Texas and with Levi Turner of Georgia fraudulently to keep said estates, and that he and his said confederates have in their hands $14,000.00 which is subject to distribution among the heirs of Turner and wife, deceased, out of which sum, allowing to the plaintiff and his said confederates, as three of the heirs, $1,000.00 each, the sum of $11,000.00 would remain for distribution, one-seventh of which, as the share of B. C. M. and wife, would amount to over $1,500.00. The plea alleged further that the title to one-half the lands sold by the plaintiff to B. C. M., for the purchase money of which the action is proceeding, was not in the plaintiff at the time of the sale, but was in the estate of George Turner, which fact was unknown to the defend-

ants when their notes were given; that there is no admin-
istration upon the estate of George Turner or upon that of
his deceased wife; that the plaintiff has no property here
out of which B. C. M. could reimburse himself if his title
should prove worthless. It also alleged that George Turner
in his lifetime advanced to the plaintiff $2,000.00 or more,
and a like sum to D. W. Brooks and Levi Turner each,
while his advancement to B. C. M. and wife was only
$300.00; and it claimed for B. C. M. an amou .t equal to
these larger advancements before the plaintiff should re-
ceive any part of George Turner's estate. The plea prayed
that an account be taken touching the advancements made
by George Turner to his children, and especially to the
plaintiff, also of the property that George Turner and wife
left, and particularly as to all amounts received by the
plaintiff and his confederates which he now holds and fails
to distribute; and for general relief.

By another special plea the defendants alleged that in
selling the land, the plaintiff represented that he was the
owner of the legal title to all the lands sold, and that upon
these representations defendants made the purchase, took a
deed and gave the notes; that at the time of the purchase
the legal title was not in the plaintiff but in the estate of
George Turner, where it still is; that George Turner died
in the state of Texas, intestate, and that there is no admin-
istration on his estate, but that his estate has been taken
charge of by the plaintiff without any lawful authority, and
a large amount of the same appropriated to his own use;
that B. C. M. and his wife are heirs at law of George Tur-
ner, and the amount of his estate justly coming to them
which the plaintiff now has in his hands is greater than the
sum sued for in the present action; that George Turner
owed no debts, and this made an administration unnecessa-
ry, and that all his heirs at law are of full age; that the
plaintiff is a non-resident, living now in the state of Texas
and has no property in this state except the debt now
sued for; that he has taken the property of the estates of

George Turner and wife, and has interfered with and disposed of the same without authority of law; that the wife of B. C. M. is a daughter of George Turner, and she and B. C. M. intermarried in the year 1860 in this state where they still reside.

The court, on demurrer to these pleas, struck them as insufficient, and the defendants excepted.

It is unnecessary to adduce more reasons for affirming the judgment than are intimated in the head-notes. Others will readily suggest themselves to the professional reader.

Judgment affirmed.